IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RECEIVED
CLERK'S OFFICE
2015 MAR -9 AM 7:41
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

YVONNE L. MURPHY
    Plaintiff,

v.                                            Civil Action No. 5:15-CV-072

Georgia Department of Public Safety
Hancock County Georgia, Agency
    Defendants.

## COMPLAINT

1.

Comes now, Yvonne L. Murphy, Plaintiff and brings this complaint seeking damages for violations under the United States Constitution, under 14th Amendment Rights (due process) and civil rights violations under 42 USC § 1983, and corollary rights under the Georgia Constitution Article I, Section I, Paragraphs 1, 2, 7, and 12 for Defendant Georgia Department of Public Safety and Defendant Hancock County Georgia refusing and neglecting to follow up on the investigation of personal injury and financial crimes committed against Plaintiff's person and her property.

2.

Defendant Georgia Department of Public Safety operated in a pattern of similar violations that established a policy of inaction that constituted the functional equivalent of a decision to violate the U.S. Constitution through elements of fraud, collusion, conspiracies and extortion by an employee of Defendant Hancock County Georgia. Plaintiff allege that both Defendants are motivated by greed and presents a dangerous precedent in the false reporting of official police reports and the falsifying of statistical crime data to federal authorities.

3.

Plaintiff have fully exhausted her administrative remedies. In this instance, Defendants Hancock County and Georgia Department of Public Safety never conducted investigations of public profiling, fixed traffic tickets and extortion under the threat of jail. Plaintiff presents to this honorable court actionable fraud, collusion, corruption and the intent to violate the U.S. Constitution. Plaintiff would not be in opposition with any Defendant if not for fraud leading to a sustained injury.

## JURISDICTION AND VENUE

4.

This action arises under the authority vested in this honorable court by virtue of 42 USC § 1983, 42 USC § 1985 (3), 28 USC §1331, 28 USC § 1343 (a) (1) (2) (3) (4), the 14th Amendment and the Georgia Constitution, Bill of Rights. The actions of both Defendants are under the color of law, while violating the United States Constitution. Venue is proper in this court. This court's jurisdiction in this case is based on federal questions; this court has the authority to grant monetary relief under 28 USC §1346 (b) (1); pursuant to 28 USC § 1391, venue is proper in this District because Defendant Georgia Department of Public Safety and Defendant Hancock County do business within this District and the activities of both Defendants in this District are continuous and substantial. Critical to this court are the constitutional violations that deprived Petitioner from obtaining justice, and the responsibility of this federal court is to **solely** guard and protect the U.S. Constitution and its citizenry.

5.

These issues are very important to the general public because Plaintiff allege Defendant Georgia Department of Public Safety willingly and knowingly fixed a traffic ticket to accommodate Hancock County Georgia in allege kickbacks regarding Hancock County Probate Judge M. Rice. Plaintiff have proof of collusion and fraud upon the honorable court of Hancock County Georgia, whereas, Plaintiff was profiled and harassed on a public Georgia highway and forced into a breath analyzer test from a contaminated instrument without probable cause. The police dash camera and voice recording instruments verify Plaintiff's account of this injustice, which can be ordered through discovery. In this instance, Plaintiff is a witness to RICO and theft of her funds by collusion and deceit. Defendants forced Plaintiff to pay $193.00 on a fraudulent traffic ticket and then denied a request for appeal, thus violating due process and equal protection under the law. Plaintiff's funds are coupled with thousands of dollars in stolen revenue by Hancock County Probate Judge M. Rice, as a former official through an intact system of profiling and ticket fixing by Defendant Georgia Department of Public Safety, as superior respondent.

PARTIES

6.

Plaintiff Yvonne L. Murphy is a citizen of the United States and at the time of the incident, a resident of Glynn County, GA; Plaintiff is a military veteran with a service connected disability, she holds distinguished honors, military awards and medals. Plaintiff is a law abiding citizen with intact Top Secret security clearances, and a former long-term substitute teacher throughout Middle Georgia (RESA).

7.

Defendant, County of Hancock Georgia is a corporate and political body as a subdivision of the State of Georgia, and established under its laws and Constitution. In Monell v. City of New York Department of Social Services, 436 US 358 (1978), the U.S. Supreme Court concluded that local governments (Defendant Hancock County Georgia) could be sued directly under 42 USC § 1983 for monetary relief where the action is alleged to be unconstitutional.

8.

As a party, Randy Kent Hartzell, Division E-33 is at all times relevant to this complaint. As an officer of the Georgia Department of Public Safety, in his individual and official capacities under the color of law.

9.

Commissioner Helen Hudson, Chairman of the Hancock County Board of Commissioners d/b/a/ Hancock County Georgia is liable for Plaintiff's predicament. As superior respondent of agency Hancock County, the commission chairperson is responsible for the day to day activities and the smooth running of the county and its highway activities.

FACTUAL ALLEGATIONS

10.

Plaintiff allege Defendant Georgia Department of Public Safety illegally profiled her and forced her into an unauthorized and unnecessary breath analyzer test using a contaminated instrument that have led to permanent medical complications, as a sustained personal injury. Defendant's illegal breath analyzing testing and the administration of the testing procedure was not annotated on the fixed ticket. Plaintiff's civil rights are violated by the falsification of a police traffic report coupled with profiling schemes to generate illegal profit with the intent of personal enrichment through a series of public harms.

11.

Plaintiff alleges that Defendant Department of Public Safety voice recording device and police cruiser dashboard camera was operational as the patrol car captured all the unconstitutional and civil rights violations committed by officer Hartzell. These illegal acts were communicated to Troop E – Post 33 by Plaintiff through telephone voice recording, written medical reports, memorandums and computer print outs relating to Plaintiff's unlawful traffic stop. In good faith, Plaintiff provided names, records and other documents which can be reproduced pursuant to FRCP rules 26 and 34. Both Defendant's interfered with Plaintiff's civil and human rights to travel the highways without unwarranted interference. Plaintiff was refused her testimony of sustained injuries and was denied her evidence of a clean motor vehicle report on file in the state of Georgia. The unlawful conduct of Defendants are brutal, outrageous and commonplace, and suggest constitutional violations on the open highways in this county.

12.

Plaintiff filed numerous complaints with both Defendants and was ignored. In this instance, Plaintiff exhausted her administrative remedies, and this court's prevailing doctrine are that any person have the right, and the duty to seek redress for constitutional violations for a "civil right." Plaintiff allege both Defendants acted on opportunity, motive and the intent to interfere with the fundamental foundations and landmark decisions of the U.S. Supreme Court, which is the supervisory arm of this federal District. Both Defendants acted with deliberate indifference to clearly established rights of this Plaintiff, and in violation of the U.S. Constitution. At every turn, Plaintiff protested her unconstitutional treatments as evidenced but ignored (**See Exhibit A**).

CLAIMS FOR RELIEF

13.

Defendant Georgia Department of Public Safety unlawful actions caused human rights violations in the form of racism, discrimination, equality, liberty, security and freedoms. Defendant County of Hancock Georgia denied Plaintiff substantive due process rights, and acted to conceal unconstitutional violations when Defendant Georgia Department of Public Safety forged a traffic citation report that was known to be false. This honorable court must take steps to oppose the intentional harm and discrimination caused by these Defendants, as the city itself is known for the continued constitutional violations of its citizenry and those that are just passing through the Sparta city limits. In United States v. Kenny, 462 F.2d 1205 (3rd Cir. 1972) city and county officials are capable of extortion and corruption practices, and Plaintiff allege these actions may affect the internal workings of the judicial process, thus violating due process rights.

14.

Plaintiff's allegations are factual, referenced and demonstrates disparate treatment, discrimination, bias and prejudice on behalf of Defendants, and therefore must be brought to justice. Both Defendant's refused to accept that a known employee wrote false police traffic reports in order to collect illegal revenue, while Defendant Hancock County engaged in the violations and subsequently deprived Plaintiff of her federal freedoms under the U.S. Constitution (equal protection under the law). The Georgia Constitution Article I Section I Paragraphs 1, 2, 7 and 12, as a bi-product of the U.S. Constitution was violated when both Defendants maliciously refused to assist and protect Plaintiff's personal and property interest and under color of law.

15.

Both Defendants receives federal funds to combat such crimes against the public, however corrupted. Defendants Georgia Department of Public Safety is liable for causing Plaintiff a severe and permanent medical injury and intentional infliction of emotional distress. Plaintiff was discriminated against when she was stopped without probable cause; she have been subjected to indifference and prejudice, and her constitutional right to defend her person and personal property was negated by both Defendants, and both Defendants ruled out obvious crimes against Plaintiff under the color of law. The conspiracy to prevent the legal process to take its natural course was initiated by Defendant Hancock County Georgia.

## PRAYER FOR RELIEF

16.

Wherefore on the basis of the foregoing, Plaintiff respectfully prays that this honorable court assume jurisdiction over this action, and that this honorable court honor the U.S. Constitution. This lawsuit involves constitutional and civil rights violations. Plaintiff claims damages in a monetary award of $100,000.000.00 in compensatory/actual and punitive damages. This computation is based on the nature and extent of damages and permanent injury. Plaintiff **do not** consent to a magistrate judge taking over her case. Plaintiff is a pro se litigant and not held to a standard of a university degreed lawyer. In this matter, Plaintiff demands the court's protection from collusion and frauds by Defendants and their counsel. Plaintiff request other relief as the court deems appropriate, just and proper. ***THIS IS A DEMAND FOR A JURY TRIAL.***

*Yvonne L. Murphy*
YVONNE L. MURPHY
P.O. BOX 1283
GLEN BURNIE, MD 21060
(410) 760-4068